McCORMICK v. CITY OF NEW YORK.     (No. 5859.)

(Supreme Court, Appellate Division, First Department.     May 29, 1914.)

TRIAL (§ 205*)—ACTIONS FOR INJURIES—INSTRUCTIONS—BURDEN OF PROOF.

In an action against a city for the death of a policeman due to the wheel of an automobile in which he was riding in the performance of his duties collapsing in consequence of its striking a boulder, or for some other reason, the court did not charge as to the burden of proof and did not ask for a general verdict, but submitted the questions whether the wheel broke before the machine collided with the boulder or after it hit it, whether both occurrences happened at practically the same time, and whether the driver of the machine was negligent. It refused an instruction that, upon all the issues submitted, the burden of proof was on plaintiff, stating that some of the questions when answered in the affirmative would be in favor of one side and some the other. *Held*, that the instruction should have been given, as it was sufficiently definite to require an instruction that, as to the facts to be found which would render defendant liable, the burden of proof was on plaintiff; the sole question being one of negligence, and, if there was any ambiguity in the request, it would have been against defendant who requested the instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 496; Dec. Dig. § 205.*]

Laughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Mary B. McCormick, as administratrix of John W. McCormick, deceased, against the City of New York. From a judgment on a verdict for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William E. C. Mayer, Asst. Corp. Counsel, of New York City, for appellant.

Maurice Deiches, of New York City, for respondent.

INGRAHAM, P. J. The deceased was a police officer assigned by the Police Department to the Department of Finance. On the 8th day of July, 1910, one of the paymasters of the Finance Department was directed to pay off the men at work for the city on the Croton Aqueduct. It was the custom of the department to send one of the policemen assigned to it to accompany the paymaster for his protection, and the paymaster and the policeman were taken to the place where the men were at work in an automobile belonging to the city. One Wiley was the chauffeur of the automobile, and he was directed to take his car, which was known as a 30 horse power Cadillac, to take the policeman

and the paymaster to the Croton Aqueduct works for the purpose of paying off the men. The car was proceeding on a road somewhere near Tarrytown, which was commonly called the Post Road, on their way back from the Croton Waterworks. The deceased and the paymaster were on the back seat, and the chauffeur and a man named Kennedy, who had been taken on the car as a passenger, a friend of the paymaster, were on the front seat. On their way down a road, which seems to have been quite rough and out of order, one of the wheels of the car collapsed in consequence of its striking a boulder or stone or for some other reason, the car turned over, and the plaintiff's intestate, a police officer, and Kennedy were killed. Whether the wheel broke before it hit the boulder or hit the boulder in consequence of the tire collapsing is not very clearly disclosed by the testimony. The court submitted to the jury four questions and did not ask for a general verdict. The first was whether the left rear wheel of the automobile broke before the machine collided with the boulder. The second, did it break after the machine hit the boulder? Third, did both occurrences happen at practically the same time? Fourth, was the driver of the machine negligent? The court said nothing to the jury as to the burden of proof, but submitted to the jury the question of the damages that the widow and son sustained by reason of the death of the deceased. The son was 24 years of age, the son by a former marriage, and the plaintiff, who was the deceased's widow, had no children.

The defendant excepted to leaving the question of the negligence of the chauffeur to the jury, and asked the court to charge that the city was not liable for any negligence on the part of the chauffeur, if any, contributing to the accident, which the court refused and to which the defendant excepted. Counsel for the defendant then requested the court to charge that upon all the issues submitted to them for their consideration the burden of proof was on the plaintiff. The court refused so to charge "because some of these questions answered one way, when answered in the affirmative, would be in favor of one side and some the other. I just leave it to you gentlemen to answer those questions." To which the defendant excepted. The jury answered the first question in the negative; the second, third, and fourth in the affirmative; and held that the damage suffered by the estate of the plaintiff by reason of his death was $7,000. The defendant then moved to set aside the answer to the fourth question as to the negligence of the driver of the machine, which was denied; and moved for the direction of a verdict for the defendant, which was denied; and the court then directed a verdict for the plaintiff for the amount of the damages, which was duly rendered. A motion was then made to set aside the verdict and for a new trial, which was denied, and from the order entered thereon the defendant appeals, as well as from the judgment entered on the verdict.

I think that this refusal of the court to charge that the burden of proof was on the plaintiff was error. The court departed from the usual custom in these accident cases of submitting the question to the jury generally as to the negligence of the defendant, and by submitting these four questions to the jury somewhat confused the issues. But I

think the request was sufficiently definite to require the court to instruct the jury that, as to the facts to be found which would render the defendant liable, the burden of proof was upon the plaintiff. This was not a case in which the defendant had set up an affirmative defense which the court submitted to the jury for a special finding, in which it might be said the burden of proof was not upon the plaintiff. The sole question as submitted to the jury was the negligence of the defendant or its employé. The court had not at all instructed the jury as to the burden of proof, yet upon every finding of fact that tended to establish negligence the burden of proof was clearly upon the plaintiff. If the court charged that the burden was on the plaintiff to prove a special issue which had been submitted to the jury, and that request was a disadvantage to the defendant, the defendant having requested it, that would seem to be no particular concern of the plaintiff's; but I think in a case of this kind, where the sole question is one of the negligence of the defendant, that the question should have been submitted to the jury as one of negligence, and the jury should have been clearly instructed that the burden of proof to show negligence was upon the plaintiff. I think therefore that although the request might not have been technically correct, if there was any ambiguity about it, if it had been charged it would have been against the defendant who requested the charge, and I think the defendant was entitled to have the jury instructed upon this question of the burden of proof, and if it asked for the instruction in this particular form it was entitled to it.

I do not think, however, that the defendant was liable as a matter of law, whether or not this wheel collapsed after it struck the boulder or before, or that the defendant was liable to the deceased if the chauffeur drove the car negligently. Here was a policeman in the discharge of his duty, protecting a city paymaster in performing his duty in paying off the city employés. Both men were engaged in the discharge of duties devolving upon the municipality. While they may not be said to be fellow workmen in the strict acceptation of that term, they both owed a duty to the defendant and were in the performance of their duty when the accident happened. There is not the slightest evidence that this chauffeur was not a perfectly competent man, or that he was intoxicated or driving the car in a reckless or improper manner. They were on a country road outside of the city limits; the chauffeur, so far as appears from the evidence, was attending to his duties and driving the car, considering the condition of the road and the locality, as well as he could. I think it very doubtful whether the finding that the chauffeur was guilty of negligence was sustained by the evidence, but at any rate I do not think that a municipal corporation is liable to one of its employés or a public officer engaged in the business of the municipality because another employé engaged in performing the same duty was negligent. All three men, the paymaster, chauffeur, and the police officer, were engaged in the performance of a common duty to the municipal corporation of the city of New York. While engaged in that common employment or performance of a common duty, an accident to the automobile happened, at which time the jury have found that the chauffeur was negligent. There was no finding here that this

negligence of the chauffeur caused the accident which resulted in the death of the deceased. There was a simple abstract question as to whether the driver of the machine was negligent, to which the jury answered, "Yes." I do not think that that finding standing alone was sufficient to justify a general verdict against the defendant for the injuries which were caused by the accident to the automobile.

I think therefore the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, J., concurs. SCOTT, J., concurs in first ground. LAUGHLIN and DOWLING, JJ., dissent.